UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-63-H

**RAHSAAN BRANDON DARDEN**                                                              **PLAINTIFF**

**v.**

**CIRCUIT JUDGE EUGENE VERIN**                                                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Rahsaan Brandon Darden, filed this *pro se* civil action against Circuit Judge Eugene Verin. The complaint is labeled as a "judicial and ethics complaint and complaint and jury demand with petition for habeas corpus." Although addressed to the Seventh Circuit Court of Appeals, Plaintiff filed it in this Court as a new civil action. Although not entirely clear, it appears that Plaintiff, an Alabama resident, is asserting that Defendant, an Alabama state court judge, violated his rights by having a warrant issued for his arrest.

Pursuant to 28 U.S.C. § 1391(b) civil actions not based solely on diversity of citizenship may be brought only in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Here the sole Defendant, an Alabama judge, presumably resides in Alabama, and from a review of the complaint it appears that the events giving rise to this cause of action occurred in Alabama. Nothing in the complaint indicates any connection to the Western District of Kentucky.

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that

court finds that there is a want of jurisdiction, the court shall, ***if it is in the interest of justice***, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, . . . ." (emphasis added).  "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).  Because it appears that Plaintiff's complaint would likely be subject to dismissal under the doctrine of absolute judicial immunity, in the interest of justice the Court has elected to dismiss the instant action rather than to transfer it.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4412.008